IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY ALLEN MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  1:17-cv-110-ECM |
| ) | (WO) |
| SHARON MCSWAIN HOLLAND and ) | |
| SGT. MARY BOWEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the February 10, 2020 Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Defendants and against the Plaintiff.  (Doc. 49).  On February 24, 2020, the Plaintiff filed objections to the Recommendation.  (Doc. 50).  The Court has carefully reviewed the record in this case, including the Magistrate Judge's Report and Recommendation, and the Plaintiff's objections.  Upon an independent and de novo review of the record, the Plaintiff's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be rejected, and the Defendants' properly supported motion for summary judgment is due to be granted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P.

72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If a party objects to certain factual findings, the court reviews *de novo* those factual findings, *id.*; but if the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). In his objections, the Plaintiff offers only conclusory and unsupported objections to the Report and Recommendation which are insufficient to defeat a properly supported motion for summary judgment. Thus, the Court conclude that the Plaintiff's objections are due to be **OVERRULED.**

Although the Court agrees with the Magistrate Judge's conclusion that summary judgment is due to be granted, the Court also concludes that the Magistrate Judge erred as a matter of law, and therefore, the Report and Recommendation is due to be **REJECTED.**

## PROCEDURAL BACKGROUND

The crux of the Plaintiff's case is his claim that the Defendants failed to properly pay him under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, which creates a private right of action against an employer who fails to meet minimum wage obligations. *See* Doc. 16. According to the Plaintiff, Jeffery Allen McClellan ("McClellan"), when he was incarcerated at the Elba Community Work Release Facility, in Elba, Alabama, he was not properly paid for labor he performed for a free-world employer. In failing to properly pay him, McClellan alleges that the Defendants are liable to him for the unpaid wages pursuant to the FSLA. He seeks payment for work he performed on Saturdays during an

eleven-week period between October 3, 2015 until December 28, 2015 at the minimum wage rate of $7.25 per hour. He contends he is owed wages in the amount of $638 which constitutes payment for 88 hours of work at a rate of $7.25. (Doc. 1 at 3; Doc. 16 at 2). In addition, McClellan alleges that the Defendants failed to "follow ADOC policy" regarding the collection of his wages. (Doc. 1 at 3). He seeks payment of his wages. (*Id.* at 4). He sues only the Warden, Sharon McSwain Holland, and correctional officer Mary Bowens.

The Court has original subject matter jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. § 1331 and 1343 and the jurisdictional grant found in 29 U.S.C. § 216(b).[1]

The Defendants filed a special report supported by relevant evidentiary materials, including affidavits, prison documents and checks from the free-world employer, and provided additional relevant documents upon motion by McClellan in which they address the claims presented to this Court.[2] In these filings, the Defendants argue that no violation of the FLSA occurred because McClellan was not an employee covered by the Act and in any event, McClellan was paid all wages he was owed. (Docs. 25 & 33). The Court issued an order on July 25, 2017 directing McClellan to file a response, supported by affidavits or statements made under penalty of perjury and other evidentiary materials, to the arguments

---

[1] The Plaintiff does not, in his complaint or amended complaint, allege any constitutional claim. Consequently, this case does not arise under 42 U.S.C. § 1983.

[2] In his motion for production of documents, McClellan questioned whether a check in the amount of $199.12 was ever deposited to his inmate account. (Doc. 33-1). In response to this motion, the Defendants submitted relevant records showing a deposit in this amount to McClellan's inmate account on January 28, 2016. (Docs. 33-1 & 33-2).

3

set forth by the defendants in their report. (Doc. 27 at 1–2). The order specifically cautioned the parties that "**unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 27 at 2–3). Although McClellan filed an unsworn response to the Defendants' production of documents, he filed no response to the arguments set forth in the Defendants' special report as required by the order entered on July 27, 2017.[3]

Pursuant to the directives of the above described order, the Court deems it appropriate to treat the Defendants' special report as a motion for summary judgment. After a de novo review of the record including the Defendants' motion for summary judgment, the evidentiary materials filed in response to McClellan's claims and McClellan's

---

[3] The Court declines to consider McClellan's response to the production of documents as a response to the Defendants' motion for summary judgment because this response is not sworn or signed with an averment that it was made under penalty of perjury. *See* 28 U.S.C. §1746; *Holloman v. Jacksonville Housing Auth.*, 2007 WL 245555, *2 (11th Cir. Jan. 20, 2007) (noting that "unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment"); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (holding that "the court may not consider[the pro se inmate plaintiff's unsworn statement]in determining the propriety of summary judgment").

complaint as amended, the Court concludes that the Defendants' motion for summary judgment is due to be granted for the reasons that follow.

## STANDARD OF REVIEW

Under Rule 56(a) of the *Federal Rules of Civil Procedure*, a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56). The movant can meet this burden by presenting evidence demonstrating there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23. Only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

Once the movant has satisfied this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). Likewise, the reviewing court must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 249-50).

A reviewing court is constrained during summary judgment proceedings from making the sort of determinations ordinarily reserved for the finder of fact at a trial. *See*

*Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (citations and quotations omitted) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992).

> In civil actions filed by inmates, federal courts
>
>> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the Defendants' properly supported motions for summary judgment, the Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson,* 477 U.S. at 249; Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly

7

probative ... summary judgment may be granted." *Id.* at 249–250. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs*., 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants). When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard,* 548 U.S. at 525; *Brown v. Crawford,* 906 F.2d 667, 670 (11th Cir.1990). Thus, the Plaintiff's *pro se* status alone does not mandate this Court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita, supra.*

## DISCUSSION

McClellan argues that the Defendants violated the FLSA by failing to properly pay him all wages owed him for work he performed for a free-world employer between October and December 2015. McClellan asserts that when he was incarcerated at the Elba Work Release, he was "contracted as a laborer and worked (11) Saturdays for Mr. Larry Adcock at $7.25 per hour." (Doc. 1 at 3). He contends that he was not paid for the 88 hours which equates to $638.00 in owed wages.

The Defendants adamantly deny McClellan's allegations and maintain that McClellan received proper payment from Adcock for the labor he performed and for the actual number of hours he worked over the relevant period of time. The evidentiary materials filed by the Defendants demonstrate that McClellan worked less than eleven Saturdays during the relevant time period, and further show that Adcock made payments by checks from Larry's Paint and Body and Adcock's farm account, respectively. The evidence demonstrates that a deposit to McClellan's Prisoner Money on Deposit Account ("PMOD") was made on January 28, 2016 in the amount of $199.12.[4] (Doc. 33-2). After receiving McClellan's complaint, the Defendants determined that Adcock owed McClellan wages in the amount of $98.13 work as a farm laborer. The Defendants obtained a check

---

[4] Two other deposits were made to McClellan's prisoner account but those payments were for his work at Adcock's paint and body shop.

9

in this amount from Adcock, (doc. 25-2 at 23), and deposited the check into McClellan's PMOD account in July of 2017.[5]  (Doc. 25-1 at 4).

> Congress enacted the FLSA to eliminate, "in industries engaged in commerce or in the production of goods for commerce, . . . labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers' because such conditions 'constitute[] an unfair method of competition in commerce[.]' 29 U.S.C. §202(a)."

*Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (alteration in original).

The Court first turns to the question of whether McClellan, as an inmate in the Alabama Department of Corrections, is considered an employee for the purposes of the FLSA.  The Defendants argue that the FLSA is not applicable to McClellan because as a prisoner, he is not considered an employee for purposes of the Act.  McClellan's employment status is a question of law for the Court.  *Villarreal*, 113 F.3d at 205 quoting *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) ("[a] determination of employment status under the FLSA . . . is a question of law subject to *de novo* review.").

A number of courts have concluded that the FLSA does not apply to prisoners who work within the prison system as they are not employees of the institution.  *See Villarreal,*

---

[5]  McClellan does not dispute that he received this payment.  He contends, however, that this payment was for work he performed as a mechanic at Adcock's paint and body shop.  (Doc. 47 at 2).  McClellan raised this assertion in an unsworn objection to a Report and Recommendation that was subsequently withdrawn.  **Error! Main Document Only.**He did not respond to the Defendants' motion for summary judgment, and he cannot now create a genuine issue of material fact to avoid summary judgment.  Moreover, the memo line on the check specifically states that the payment is for "farm labor" even though the check is drawn on Adcock's paint and body shop account.  (Doc. 25-2 at 23).

113 F.3d at 207; *Bennett v. Frank*, 395 F.3d 409, 409 (7th Cir. 2005); *Danneskjold v. Hausrath,* 82 F.3d 37, 43 (2nd Cir. 1996); *Harker v. State Use Indus.,* 990 F.2d 131, 133 (4th Cir. 1993); *Vanskike v. Peters,* 974 F.2d 806, 809–10 (7th Cir. 1992).  However, at least one court has concluded that when employees work for a free world company, the FLSA may apply to protect the prisoners from unfair working conditions.[6]  *See Watson v. Graves,* 909 F.2d 1549, 1554–55 (5th Cir. 1990).  The Court need not resolve the issue of whether McClellan as a prisoner working for a free world employer is considered an employee under the FLSA because regardless of whether the Act applies, the Court concludes that McClellan cannot demonstrate a genuine issue of material fact exists about whether he has received all the compensation he is due under any circumstances.

The Defendants do not dispute that the administrative regulations governing the work release program require McClellan to be paid "no less than the minimum wage." (Doc. 25-3 at 3).  Sign in-out records demonstrate that McClellan worked forty-one hours on seven Saturdays during the October – December, 2015 time frame.  (Doc. 25-1 at 1; 12-24).  On January 28, 2016, McClellan was paid $199.12, of which $95.58 was paid into his prison account.  (Doc. 25-1 at 1 & 3).  On July 6, 2017, the Defendants advised McClellan's free-world employer that McClellan was owed $98.13 in unpaid wages.  (Doc. 25-1 at 1). On July 7, 2017, the money owed McClellan was deposited into his prison account, less

---

[6] Even if the Plaintiff could establish that he was an employee for the purpose of the FSLA, he has not shown that the named Defendants were his employer.

11

the 40% owed the Department of Corrections and court ordered deductions. (Doc. 25-1 at 1-2).

This case is before the court on the Defendants' motion for summary judgment. To survive the motion for summary judgment, McClellan must present evidence creating a genuine dispute of material fact. Although *pro se*, McClellan is not absolved of his duty to provide the court with specific facts showing that there is a genuine dispute requiring resolution by trial. *Brown*, 906 F.2d at 670. McClellan may not rely solely on the pleadings, but he must, by affidavits, depositions, answers to interrogatories, or admissions, show that there are specific facts demonstrating that there is a genuine issue for trial. *Brown, supra*. McClellan filed no response to the Defendants' motion for summary judgment, and has failed to produce evidence which would establish that there is a genuine dispute about whether he has been properly paid for his labor. Beyond his conclusory statement that he has not been paid, McClellan does not dispute the accuracy of the Defendants' records, nor does he present any competent evidence from which a reasonable jury could conclude that he has not been properly paid. Thus, the Defendants' motion for summary judgment on his wage claim is due to be granted.

To the extent McClellan asserts the Defendants violated their own administrative regulations, he is entitled to no relief. The law is well-settled that infringements of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations. *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995) (noting that prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and

"such regulations are not designated to confer [constitutional] rights on inmates"); *Magluta v. Samples,* 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) (holding that mere fact governmental agency's regulations or procedures may have been violated does not, standing alone, raise a constitutional issue). Thus, the Court concludes that the Defendants are entitled to summary judgment on McClellan's claim regarding a violation of prison policies or regulations.

## CONCLUSON

Accordingly, for the reasons as stated, after an independent and *de novo* review of the file in this case, and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections are OVERRULED;

2. the Recommendation is REJECTED;

3. the Defendants' motion for summary judgment is GRANTED;

4. judgment is GRANTED in favor of the Defendants;

5. this case be and is hereby DISMISSED with prejudice; and

6. the parties bear their own costs.

A final judgment will be entered.

DONE this 28th day of May, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE